**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**


**ERNEST HOWARD NELSON,**
**a.k.a. ABDULL SHAIKH SHABAZ,**

       **Petitioner,**

**vs.**                             **Case No. 4:09cv157-SPM/WCS**

**WALTER McNEIL,**

       **Respondent.**

_____/


**REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION**

Pursuant to court order, doc. 8, Petitioner filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 10. Petitioner challenges the amount of jail credit awarded when he was sentenced for violation of probation in the Second Judicial Circuit, Leon County, case number 2000-2587. Doc. 10, p. 1; doc. 1, p. 1 (providing the state court case number). As the original petition contains some information and exhibits not included in the amendment, both are referenced for an understanding of the claims presented.

Petitioner previously challenged the underlying conviction in state case number 2000-2587 by § 2254 petition and relief was denied. Docs. 15, 16, and 17 in this court's case number 4:03cv78-RH/WCS (report and recommendation, adopting order, and judgment entered on the docket on March 17, 2004). As explained in that case, Petitioner entered a plea to two charges of felony petit theft, and was sentenced to five years in case number 2000-1997, and to one year of community control followed by two years probation in case number 2000-2587. Doc. 15 in that case, p. 4.

Here, Petitioner challenges his sentencing after revocation of the probation imposed in case number 2000-2587.[1] This petition, therefore, is not considered a second or successive § 2254 petition.[2] *Compare* <u>Ex parte Green</u>, 215 F.3d 1195 (11th Cir. 2000) (claim that counsel was ineffective at the time of resentencing necessarily was not available before resentencing, so was not second or successive) *with* <u>Magwood v. Culliver</u>, 555 F.2d 968, 973-976 and n. 4 (11th Cir. 2009) (where § 2254 relief had previously been granted and the defendant resentenced, claim which could have been raised as to original sentence was considered second or successive) (distinguishing <u>Green</u>).

By way of background, the probation imposed in case number 2000-2587 was revoked and Petitioner was sentenced to 60 months, with 271 days credit for time

---

[1] Petitioner refers here to violation of probation, so the court does as well. The analysis would be the same if sentencing followed revocation of community control, the other supervisory term originally imposed in case number 2000-2587.

[2] Second or successive § 2254 petition are strictly limited, and may not be filed in or considered by this court absent authorization by the court of appeals. § 2244(b).

served.  Doc. 1, Ex. 6 (pp. 50-55 in ECF) (Electronic Case Filing).[3]  The judgment was entered on March 5, 2007.  The court recommended that Petitioner "be housed in a facility for inmates over 55 years of age, where he can receive mental health treatment if possible."  *Id.* (p. 54 in ECF).  Petitioner does not raise any challenge to the probation revocation itself, which was apparently based on the commission of another theft.  Doc. 1, p. 1 ("probation violation for thief [sic]"); doc. 10, p. 1 (violation of probation "for grand thief [sic].").

Petitioner asserts ineffective assistance of counsel at sentencing after revocation of probation, alleging that counsel was biased against him because Petitioner is a Muslim and has had his name changed.  Doc. 10, p. 4 in ECF (ground one).[4]  He asserts that counsel refused to contact his attorney or the judge or in the Pinellas County, where he was sentenced "to a program/V.A. Hospital."  *Id.* (ground two).  He asserts counsel should have investigated and sought a downward departure, and produced testimony to support Petitioner's placement in a hospital for veterans.  *Id.*, p. 5 (ground three).  Petitioner claims a constitutional entitlement to a proper calculation of his earned jail credit.  *Id.* (ground four).  For relief, Petitioner seeks appointment of counsel, recusal of the state sentencing judge, and an award against his state sentence of 627 days of jail credit.  *Id.*, p. 6.

---

[3] References are generally to the attachments to the original rather than amended § 2254 petition, as the exhibits to the latter are less complete.  For example, Ex. 5 to doc. 1 is separated into Exs. B, C and D to doc. 10.

[4] The amended petition, including exhibits, is a total of 21 pages.  The document as scanned in ECF is 65 pages, as the clerk also scanned the service copies and cover pages identifying the service copies.

It is not clear whether Petitioner has properly exhausted his claims in state court. Petitioner refers to motions and filings in the Middle District of Florida. Doc. 10, pp. 2-4 in ECF. That is a federal court, not a state court. This case was transferred from the Middle District. Doc. 5. Petitioner indicates that he filed a direct appeal in state court, but then provides information regarding a Fla.R.Crim.P. 3.800(a) motion (not an appeal), which was denied. Doc. 10, pp. 2-3. He asserts that a habeas corpus petition was denied by the Florida Supreme Court as an abuse of the writ. *Id.*, p. 4. That is insufficient. A claim of ineffective assistance of counsel is brought in Florida by Fla.R.Crim.P. 3.850 motion, and not by petition for writ of habeas corpus. *See, e.g.*, Baker v. State, 878 So. 2d 1236, 1238-43 (Fla. 2004) (the purpose of Rule 3.850 is to allow inquiry into alleged constitutional errors of a conviction or sentence; with very limited exceptions habeas corpus is not available for collateral challenges as they can be raised by Rule 3.850 motion) (discussing Rule 3.850(h)) (other citations and footnotes omitted);[5] Collins v. State, 859 So. 2d 1244, 1246 (Fla. 5th DCA 2003) ("claims cognizable under rule 3.850, such as ineffective assistance of trial counsel and the involuntariness of a plea, are generally not appropriate for habeas corpus proceedings.") (collecting cases).

There is no indication that Petitioner has filed a Rule 3.850 motion challenging the judgment on violation of probation in state case number 2000-2587, based on

---

[5] Like the "savings clause" of § 2255(e) for federal defendants, Rule 3.850(h) provides that a habeas corpus petition filed by a person authorized to apply for Rule 3.850 relief will not be entertained by the court, unless it also appears the Rule 3.850 remedy is "inadequate or ineffective."

alleged ineffectiveness of counsel at sentencing or on any other ground.  Regardless, a petition may be denied on the merits notwithstanding the lack of exhaustion.  § 2254(b)(2).

To support his claim that he was entitled to (and that counsel therefore should have sought) 627 days of jail credit, Petitioner relies on a *nolle prosequi* filed in the Sixth Judicial Circuit, Pinellas County, in Case No. 0518519MMANO.  Doc. 10, Ex. F (p. 19 in ECF).  The document, dated May 7, 2007, notes that there would be "no purpose" in prosecuting the case as Petitioner already "has served 627 days on this charge."  *Id.*  In another case out of the Sixth Judicial Circuit, Pinellas County, Case No. 05-14002CFANO, Petitioner entered a guilty plea and was sentenced on March 27, 2007.  Doc. 1, Ex. 5 (pp. 43-48 in ECF).  There is writing on the plea form which is not completely legible, though it makes a reference to going to the VA for residential treatment.  *Id.*, p. 43 in ECF.[6]  The actual sentence imposed was for 51 months, with 617 days credit for time served, to be served concurrently with the sentence in case number 2000-2587.  *Id.* (pp. 45 and 48 in ECF).  The court recommended that "defendant shall be housed in an age appropriate facility."  *Id.*, p. 48 in ECF.

Petitioner sought relief from the sentence in case number 2000-2587 pursuant to Fla.R.Crim.P. 3.800(a), claiming entitlement to credit for time served in Pinellas County. By order of April 10, 2007, the motion was denied.  Doc. 1, pp. 12-13 in ECF.  The state court found Petitioner not entitled to additional credit (beyond the 271 days already

---

[6] This is the handwritten notation, with illegible words indicated by brackets: "W/H, CAP 51 months, enter still [] directly [] PCJ, get back w/ VA [] get residential treatment, furlough to still stand; once bed space available."  *Id.*

awarded) as he was not actually arrested until he was booked into jail into the Leon

County jail on December 26, 2006. *Id.*, p. 12 in ECF. "A defendant is not entitled to

time served in another county unless an arrest warrant has been executed by the

second county." *Id.*, citing Gethers v. State, 838 So. 2d 504, 507 (Fla. 2003).

> He was originally arrested on June 30, 2000 and sentenced on January
> 16, 2001 (201 days) and at that time was awarded 201 days credit for time
> served. After violating community control, he was rearrested in Leon
> County on December 26, 2006 and sentenced on March 5, 2007 (70 days)
> and was awarded 271 days credit for time served between his original
> arrest and sentencing and violation of community control arrest and
> sentencing.

*Id.*, p. 13.

In short, the jail credit claim Petitioner faults counsel for failing to seek has been

rejected as a matter of state law by the state court. Under the "fundamental principle

that state courts are the final arbiters of state law, and federal habeas courts should not

second-guess them on such matters," Petitioner cannot show error of counsel or

prejudice to the outcome as required as required by Strickland v. Washington, 466 U.S.

668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See* Herring v. Secretary, Dept. of

Corrections, 397 F.3d 1338, 1354-55 (11th Cir.), *cert. denied*, 546 U.S. 928 (2005)

(citations and footnote omitted) (where Florida Supreme Court had determined that the

defense objection, if raised, would have been overruled as a matter of state law,

petitioner could not show deficient performance or prejudice for counsel's failure make

that objection).

Petitioner's conclusions that counsel was biased against him due to religious

beliefs and his name change are unsupported by any allegations of fact. Even

assuming Petitioner is attempting to assert ineffectiveness due to conflict of interest, he

has not shown an actual conflict or any adverse effect.[7]

As summarized by the Eleventh Circuit,

An attorney's performance must be adversely affected by the conflict of interest before there is a constitutional violation. If a trial court improperly requires joint representation of co-defendants over timely objection, reversal is automatic. *In all other conflict situations*, there is no Sixth Amendment violation, and thus no reversal, absent a showing that an actual conflict of interest adversely affected counsel's performance.

Hunter v. Secretary, Dept. Of Corrections, 395 F.3d 1196, 1200 (11th Cir. 2005)

(emphasis added) (collecting cases, including Strickland). To demonstrate an actual

conflict, Defendant must make a factual showing of inconsistent interests or point to

specific instances in the record suggesting a conflict. Quince v. Crosby, 360 F.3d 1259,

1264 (11th Cir.), *cert. denied*, 125 S.Ct. 436 (2004) (citations omitted). To demonstrate

an adverse effect he must show that counsel failed to pursue a reasonable alternative

strategy because it conflicted with counsel's other alleged loyalties. *Id.*, at 1264-65

(citations omitted).

Petitioner accuses counsel of religious bias, but does not allege facts to suggest

inconsistent interests or point to specific instances in the record to suggest any conflict.

The claim that counsel failed to pursue jail credit, whether due to ineffectiveness or bias,

_____

[7] A conflict of interest claim is reviewed differently than a standard ineffective assistance of counsel claim. As established in Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), "a defendant who shows that a conflict of interest *actually affected the adequacy of his representation* need not demonstrate prejudice in order to obtain relief." Mickens v. Taylor, 535 U.S. 162, at 168, 170, 122 S.Ct. 1237, at 1242, 1243, 152 L.Ed.2d 291 (2002) (quoting Cuyler with added emphasis).

necessarily fails because Petitioner was not entitled to additional jail credit under state law.

The conclusory claims that counsel should have sought a departure or sentencing to a VA program are unsupported by *any* argument, either that he was entitled to a departure or to placement in a program. Indeed, in Pinellas County, where possible VA or residential treatment was actually noted on the plea form, Petitioner was sentenced to 51 months with only a recommendation for placement in an age appropriate facility.

There are no factual allegations to support bias, religious or otherwise, or to show any colorable argument counsel could have raised in support of a lesser sentence on revocation of probation. As noted in the previous § 2254 proceeding, at the time Petitioner was sentenced to the terms of community control and probation in case number 2000-2587, along with the five year term of imprisonment in case number 2000-1997, Petitioner was told he received the benefit of the doubt due to his age. Doc. 15, p. 4 in 4:03cv78-RH/WCS (referencing the transcript). The state court judge advised Petitioner then that if he violated the conditional release in case number 2000-2587, he would probably go back to prison for the rest of his life. *Id.*[8]

Petitioner has not sufficiently alleged an error or actual conflict of counsel, nor has he sufficiently alleged any adverse effect or prejudice. From a review of the initial and amended petitions and attachments thereto, it plainly appears that Petitioner is not

---

[8] *See* doc. 15, pp. 3-4 and n. 1 (discussing the plea to both charges, 2000-1997 and 2000-2587, noting Petitioner's prior criminal history, and the fact that he was on bond for one charge when he committed the other).

entitled to relief and the petition should be summarily dismissed. § 2254 Rule 4 (authorizing summary dismissal if it plainly appears petitioner is not entitled to relief).

It is therefore respectfully **RECOMMENDED** that the § 2254 petition as amended (docs. 1 and 10), challenging the sentence imposed by the Second Judicial Circuit, Leon County, following the revocation of probation or community control in case number 2000-2587, be **SUMMARILY DISMISSED** as it plainly appears Petitioner is not entitled to relief.

**IN CHAMBERS** at Tallahassee, Florida, on September 25, 2009.


**s/    William C. Sherrill, Jr.**
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**